PRAIRIE BLY, SBN 257296
JENNIFER C. BONILLA, SBN 259614
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
640 Civic Center Drive, Suite 108
Vista, CA 92084
Telephone: (760) 966-0511; Facsimile: (760) 966-0291

MICHAEL MEUTER, SBN 161554
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93905
Telephone: (831) 757-5221; Facsimile: (831) 757-6212

IRA L. GOTTLIEB, SBN 103236
JASON WOJCIECHOWSKI, SBN 263911
BUSH GOTTLIEB
500 N. Central Avenue, Suite 800
Glendale, CA 91203
Tel: (818) 973-3200, (818) 973-3222; Fax: (818) 973-3201

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GUERRERO, EUGENIO AGUILAR PAZ, FIDEL RAYO HERNANDEZ, and ARMANDO BAHUMAN GONZALEZ,<br><br>Plaintiffs<br><br>v.<br><br>T-Y NURSERY, INC., STATEWIDE LABOR CORPORATION; and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.: 3:13-cv-03126-JM-BGS<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Judge: Hon. Jeffrey T. Miller<br>Date: June 23, 2014<br>Time: 10:00 a.m.<br>Room: 5D |

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ ii

**I. INTRODUCTION** ........................................................................................................... 1

**II. LEGAL STANDARDS** ................................................................................................. 2

    **A.   MOTION TO DISMISS UNDER RULE 12(B)(6).** ............................................... 2

    **B.   MOTION TO DISMISS UNDER RULE 12(B)(1).** ............................................... 2

    **C.   MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E).** .... 2

**III. DISCUSSION** ................................................................................................................ 3

    **A.   PLAINTIFFS WERE NOT REQUIRED TO FILE CONSENTS TO SUE WITH THE COMPLAINT AND THE COURT HAS SUBJECT-MATTER JURISDICTION OVER THE FLSA CLAIMS.** ........................................................ 3

    **B.   PLAINTIFFS HAVE STATED AN AWPA CLAIM AND THE COURT CANNOT DISMISS THE CLAIMS BASED ON DEFENDANTS' ALLEGED FACTS OUTSIDE THE PLEADING.** .................................................................... 6

        **1.   Plaintiffs' AWPA Claims Cannot Be Dismissed because Defendants Rely on Factual Allegations Made Outside the Pleading.** ....................................... 6

        **2.   Plaintiffs' Complaint Establishes They Are Protected By the AWPA.** ............ 7

    **C.   THE FAC PROVIDES DEFENDANTS WITH SUFFICIENT NOTICE AND EACH CAUSE OF ACTION SPECIFIES BY WHOM AND AGAINST WHOM IT IS ASSERTED.** ........................................................................................... 13

    **D.   DEFENDANT T-Y'S ARGUMENT REGARDING CERTIFICATION IS PREMATURE AND DOES NOT SUPPORT AN ORDER FOR A MORE DEFINITE STATEMENT.** .................................................................................. 14

**IV. CONCLUSION** ........................................................................................................... 15

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

i

# **TABLE OF AUTHORITIES**

**Cases**

*Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007) .............................. 14

*Allen v. Atlantic Richfield Co.*, 724 F.2d 1131 (5th Cir. 1984) ....................................... 3, 4

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) ..................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 2

*Babbitt Engineering & Machinery v. Agricultural Labor Relations Board*, 152 Cal. App. 3d 310 (1984) ........................................................................................................................ 12

*Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994) ...................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 2

*Benitez v. Wilbur,* CV-F-08-1122 LJO GSA, 2009 WL 498085, *3-4, (E.D. Cal. Feb. 26,2009)………………………………………………………………………….………6

*Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129 (D. Nev. 1999) ............................... 4

*Buchler v. United States*, 384 F. Supp. 709 (E.D. Cal. 1974) ............................................. 2

*Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500 1507 (11th Cir. 1993) .... 9, 10, 11

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984) ........ 10

*Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242 (9th Cir. 1990) ....................................................................................................................... 2

*DCD Programs Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ......................................... 2

*Fontana v. Haskin*, 262 F.3d 871 (9th Cir. 2001)......................................................... 13, 14

*Genesis Healthcare Corp. v. Symczk*, 133 S. Ct. 1523 (2013) ............................................ 5

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)............................................... 14

*Kenney v. City of San Diego*, 2014 WL 325157 (S.D. Cal. Jan. 28, 2014) ........................ 3

*Larios v. Nike Retail Services*, 2013 WL 4046680 (S.D. Cal. August 9, 2013)................. 2

*Lopez v. Lassen Dairy, Inc.,* CV-F-08-121 LJO GSA, 2010 WL3210765 (E.D. Cal., Nov 12, 2010)………………………………………………………………………………12

*Morante-Navarro v. T&Y Pine Straw*, 350 F.3d 1163 (11th Cir. 2003) ........................... 9

*Ramirez v. DeCoster*, 194 F.R.D. 348 (D. Me. 2000) ................................................. 11, 12

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

ii

*Sefton v. Jew,* 204 F.R.D. 104 (W.D. Tex. 2000)……………………………...…...3, 14

*Trinh v. JP Morgan Chase & Co.,* 2008 WL 180161*3 (S.D. Cal Apr. 22, 2008)……...15

*Wynn v. NBC*, 234 F. Supp. 2d 1067 (C.D. Cal. 2002) ................................................15

**Statutes**

29 U.S.C. § 1801 ........................................................................................................1, 7

29 U.S.C. § 1802 (10)(A)................................................................................................8

29 U.S.C. § 1802 (6) .......................................................................................................7

29 U.S.C. § 1802 (7) .......................................................................................................7

29 U.S.C. § 1802(2) ........................................................................................................7

29 U.S.C. § 201 ...............................................................................................................1

29 U.S.C. § 216(b) ............................................................................................3, 14, 15

29 U.S.C. § 255(a) ..........................................................................................................4

Cal. Lab. Code 1682(b)……………………………………………………………….8

**Rules**

Rule8(e)…………………………………………………………………………13,14

Fed. R. Civ. P. 10(c)…………………………………………………………………..13

Rule 12(b)(1)..............................................................................................................2, 5

12(b)(6) ....................................................................................................................2, 5,6

Fed. R. Civ. P. 12(e)......................................................................................2, 3, 14, 15

**Regulations**

29 C.F.R. § 500.20 (Mar. 12, 1997)................................................................8,9,10, 11, 12

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

iii

# I. INTRODUCTION

Defendant T-Y Nursery, Inc. ("T-Y"), an agricultural nursery, and Defendant Statewide Labor Corporation ("Statewide"), a farm labor contractor ("FLC"), have developed and engaged in unlawful practices to deny Plaintiffs the full wages they have earned and the safe and healthful workplace they are entitled to.

Defendants failed to pay Plaintiffs Victor Guerrero, Eugenio Aguilar Paz, Fidel Rayo, and Armando Bahuman ("Plaintiffs") their full wages by continually requiring Plaintiffs to report to work and wait for considerable lengths of time, off-the-clock, during periods of frost on the fields. Among other things, Defendants failed to provide and/or reimburse Plaintiffs for necessary tools and protective rain gear to perform their tasks, thereby operating as an offset against the minimum wage, and failed to provide a full thirty minute meal period.

Moreover, Plaintiffs worked in the fields of Defendant T-Y's nursery and were exposed to hazards of agricultural work that health and safety laws require employers to mitigate. Defendants were legally obligated but failed to take suitable preventive measures to protect the lives, safety, and health of workers; and to safeguard against potentially life-threatening heat illnesses through the adequate provision of shade, drinking water, and cool-down recovery periods.

Plaintiffs filed their First Amended Complaint ("FAC") on April 28, 2014 (Doc No. 12), and asserted their rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq., and California labor laws and regulations relating to worker health and safety protections and wage and hour rights. Plaintiffs alleged they are "seasonal agricultural workers," a term of art within the AWPA, and further alleged the nature of their work cultivating and harvesting plants, which is ordinarily seasonal work.

Plaintiffs have stated sufficient facts in support of these and related claims in their FAC. Given that the facts pleaded and all reasonable inferences must be drawn in the

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

1

light most favorable to Plaintiffs, they respectfully request that the Court deny Defendants' motions to dismiss and Defendant T-Y's motion for a more definite statement.

## II. LEGAL STANDARDS

### A. MOTION TO DISMISS UNDER RULE 12(B)(6).

The Court must accept the facts Plaintiffs have pleaded as true and draw reasonable inferences in Plaintiffs' favor to determine whether Plaintiffs have plausibly stated a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing to Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

If the Court finds that the FAC does not state a claim, it must grant leave to amend unless it is clear that the complaint cannot possibly be cured by the allegation of other facts. *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "The discretion exercised by a court on the issue of leave to amend must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with 'extreme liberality.'" *Larios v. Nike Retail Services*, 2013 WL 4046680 (S.D. Cal. August 9, 2013), *quoting DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

### B. MOTION TO DISMISS UNDER RULE 12(B)(1).

The Court cannot grant Defendants' motion to dismiss based on alleged lack of subject matter jurisdiction if the FAC purports to set out a federal claim that is not insubstantial and frivolous. *Buchler v. United States*, 384 F. Supp. 709, 714 (E.D. Cal. 1974).

### C. MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E).

The Federal Rules of Civil Procedure permit a party to move for a more definite statement of the complaint only if the complaint is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). "[M]otions for a more

///
///

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

2

definite statement are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Kenney v. City of San Diego*, 2014 WL 325157 (S.D. Cal. Jan. 28, 2014).

Defendant T-Y's motion under Rule 12(e) is not appropriate unless the FAC is "…so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000), *quoting* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376, 577-78 (2d ed. 1990).

## III. DISCUSSION

### A. PLAINTIFFS WERE NOT REQUIRED TO FILE CONSENTS TO SUE WITH THE COMPLAINT AND THE COURT HAS SUBJECT-MATTER JURISDICTION OVER THE FLSA CLAIMS.

Plaintiffs Eugenio Aguilar Paz and Fidel Rayo Hernandez have filed individual claims under the Fair Labor Standards Act ("FLSA Plaintiffs"). FAC 9:12-15 and ¶¶ 52-53. Defendants' motions to dismiss the FLSA cause of action based on the FLSA Plaintiffs not having filed written consents is now moot, in light of the consent forms timely filed by Plaintiffs.

Written consents to sue are not required to be filed with the complaint, and a suit which is merely several individuals joined under Federal Rule of Civil Procedure 20(a) is not a "collective action," so Plaintiffs are not required to file a consent to sue in order to commence the action under 29 U.S.C. § 216(b). *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1134-35 (5th Cir. 1984). In *Allen*, among the 22 named Plaintiffs, none filed written consents with the court. *Id.* at 1134. Notwithstanding that Plaintiffs' complaint stated that they sought to represent similarly situated employees, because no unnamed plaintiffs ever filed written consents, the action did not become a collective action. *Id.* at 1135. In finding that named plaintiffs need not file written consents if an individual action is maintained, the *Allen* court emphasized: "We conclude that parties named in a suit, who have hired a lawyer to file a complaint on their behalf, have clearly indicated

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

3

their consent to suit. The statute does not require additional time-and-resource-consuming filings." *Id.* Therefore, at this stage, the FLSA Plaintiffs have maintained individual actions under the FLSA cause of action. The caption of the FAC for the first cause of action, brought under the FLSA, states it is "By Plaintiffs AGUILAR, RAYO, and BAHUMAN *Individually* Against All Defendants." FAC l:12-15 (emphasis added).

This issue does not appear to have been resolved by the Ninth Circuit. The District of Nevada in *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999), agreed with the Fifth Circuit's holding in *Allen* that claims under FLSA that are not a "collective action" do not require written consents, but disagreed with *Allen* on what may constitute a collective action. The court found similar language as in *Allen* to be a collective action and required the written consents. 61 F. Supp. 2d at 1133-34. Even *Bonilla*'s holding, however, in no way calls for dismissal of the FLSA Plaintiffs. The court only held that the statute of limitations for the FLSA claim continues to run until the consent is filed. *Id.* at 1132-33. There, eight out of eleven plaintiffs filed written consents with the court after the defendant moved for summary judgment. *Id.* at 1131-32. Given the district court's finding that the case was a collective and not an individual FLSA action, the pertinent question for dismissal became whether and to what extent the plaintiffs filed written consents within the statute of limitations. *Id.* at 1139-40. With respect to one plaintiff who had not filed a written consent along with the other eight, but whose claim was not entirely time barred, the court granted him ten days to opt into the suit by filing a written consent. *Id.* at 1140.

Similarly here, Plaintiffs remain free to file, and Plaintiffs AGUILAR and RAYO in fact have filed, written consents. Plaintiffs' Notice of Consent to Sue and Opt-In Forms ("Plaintiffs' Written Consents") (Doc No. 18). Plaintiffs anticipate that Plaintiff BAHUMAN'S written consent will be filed prior to the hearing date for the present Motion, and in any event, within the statute of limitation. The applicable statute of limitation for Plaintiffs' FLSA claims is three years. 29 U.S.C. § 255(a). The FLSA Plaintiffs alleged in their FAC that Defendants willfully violated the FLSA when paying

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

4

Plaintiffs less than $7.25 per hour because Defendants did not pay them for all time spent working and "engaged to wait," by offsetting their wages through failure to reimburse Plaintiffs for necessary tools and equipment, and by failing to provide them thirty minute meal periods free of all duty. FAC ¶ 54. The relevant time periods of employment for Plaintiff AGUILAR is from approximately October 2011 – March 2012, for Plaintiff RAYO from approximately May 2013 – June 20, 2013, and for Plaintiff BAHUMAN from approximately February 2012 – February 22, 2013. FAC ¶¶ 25-27. Plaintiffs AGUILAR AND RAYO'S written consents were filed on June 6, 2014, and their claim period thus extends back to June 6, 2011, so no portion of the FLSA Plaintiffs' claims are barred by the statute of limitations.

Defendant T-Y also relies on *Genesis Healthcare Corp. v. Symczk*, 133 S. Ct. 1523 (2013), which is not dispositive here. Defendant T-Y's Memorandum of Points and Authorities ISO Motion to Dismiss ("T-Y Mem.") (Doc No. 14) 2-3:25-3. *Genesis* involved one plaintiff—no other persons had opted into the suit—and the defendant's settlement offer fully satisfied her claim. *Id* at 1524. The plaintiff-respondent had also not yet moved for "conditional certification" of her FLSA claim, and the Supreme Court held that her fully-satisfied claim was moot and dismissed the case for the resulting lack of subject matter jurisdiction. *Id.* at 1525. Here, there has been no settlement of Plaintiffs' claims and thus a case or controversy continues to exist.

In sum, Plaintiffs are currently proceeding on their individual FLSA claims and will formally seek collective action by filing a motion for conditional certification, as discussed below. Because there is no genuine basis to dismiss Plaintiffs' claims under the FLSA, Defendants' motions for dismissal based on lack of subject-matter jurisdiction under Rule 12(b)(1) and Defendants' motions for dismissal for failure to state a claim under Rule 12(b)(6) should be denied.

///

///

///

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

5

## B. PLAINTIFFS HAVE STATED AN AWPA CLAIM AND THE COURT CANNOT DISMISS THE CLAIMS BASED ON DEFENDANTS' ALLEGED FACTS OUTSIDE THE PLEADING.

### 1. Plaintiffs' AWPA Claims Cannot Be Dismissed because Defendants Rely on Factual Allegations Made Outside the Pleading.

Defendants T-Y and Statewide seek to dismiss Plaintiffs' second cause of action under 12(b)(6) and ask this Court to consider alleged facts outside the pleadings, namely, that "Defendants T-Y and Statewide operate year-round with a relatively constant level of employment." T-Y Mem. 5:19-20; Defendant Statewide's Memorandum of Points and Authorities ISO Motion to Dismiss ("Statewide Mem.") (Doc No. 15) 6:23-24.

Defendants in *Benitez v. Wilbur*, CV-F-08-1122 LJO GSA, 2009 WL 498085, *3-4, 2009 U.S. Dist. LEXIS 15018 *9-10, (E.D. Cal. Feb. 26, 2009), similarly claimed in a 12(b)(6) motion that the plaintiffs, who alleged in their complaint that they were seasonal employees within the meaning of AWPA, were year round employees, thus offering assertions that were outside the pleadings. The Court rejected the argument, ruling that because a Rule 12(b)(6) motion is a facial challenge to the complaint, it could not consider material outside the complaint, including the purported factual—and necessarily untested—representations made in briefs. *Id.*, citing to *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Nor are Defendants' bare statements about their operations documents and materials of which the court may take judicial notice. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

Similar to *Benitez*, Plaintiffs have alleged they are seasonal workers within the meaning of the AWPA. FAC ¶¶ 28, 56. Defendant Statewide contends that Plaintiffs only alleged that they are seasonal agricultural workers without alleging that the nature of the work is seasonal. Statewide Mem. 6:5-9. In accordance with *Twombly/Iqbal*, however, the facts pleaded sufficiently demonstrate that Plaintiffs alleged the nature of the work itself, which is of ordinarily seasonal nature, *e.g.*, that they cultivated and harvested plants at a nursery. FAC ¶¶ 15, 17, 31. There is thus enough in Plaintiffs'

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

6

complaint to plausibly support the allegation that Plaintiffs were seasonal workers, and this Court cannot consider Defendants' attempt to insert factual disputes outside of the pleadings. Plaintiffs respectfully request that Defendants' motions to dismiss the AWPA claims be denied.

**2. Plaintiffs' Complaint Establishes They Are Protected By the AWPA.**

The AWPA protects both migrant agricultural workers and seasonal agricultural workers. 29 U.S.C. § 1801. Plaintiffs have each alleged that they are seasonal agricultural workers within the meaning of the AWPA. FAC ¶¶ 28, 56.

*a. The FAC Establishes that Defendants T-Y and Statewide are Respectively an Agricultural Employer and Farm Labor Contractor Under AWPA.*

Defendant T-Y argues that Plaintiffs pleaded no factual allegations that it is an "agricultural employer" or that Defendant Statewide is a "farm labor contractor." T-Y Mem. 4:18-27. The FAC shows the contrary. First, the AWPA defines "agricultural employers" as "any person who owns or operates a farm, ranch, processing establishment …packing shed or *nursery*... ." 29 U.S.C. § 1802(2). Plaintiffs' allegations in the FAC plainly meet this definition by alleging that Defendant T-Y was and is a California corporation in the business of agricultural production and operated a nursery, and that during Plaintiffs' employment with Defendants, Plaintiffs cultivated plants, shrubs and trees which were produced for movement in interstate commerce. FAC ¶¶ 15, 17, 31.

On the facts pleaded, Plaintiffs' allegations also plainly establish that Defendant Statewide is a "farm labor contractor," (an FLC) broadly defined by the AWPA as "any person, other than an agricultural employer, an agricultural association, or an employee of an agricultural employer or agricultural association, who, for any money or other valuable consideration paid or promised to be paid, performs any farm labor contracting activity." 29 U.S.C. § 1802 (7). AWPA defines "farm labor contracting activity" as "recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker." 29 U.S.C. § 1802 (6). Plaintiffs' FAC alleges that Defendant Statewide is in the business of labor contracting, supplied labor to Defendant

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

7

T-Y and employed Plaintiffs AGUILAR and RAYO for the nursery. FAC ¶¶ 16, 18. Additionally, Plaintiffs alleged upon information and belief that Defendant Statewide also meets the definition of FLC as set forth in California Labor Code section 1682(b), which provides that FLCs are any person who employs workers for a fee to render personal services in the production of any farm products. FAC ¶ 19. Plaintiffs expect that this status will be confirmed through the discovery process.

   *b. The FAC Establishes that the Plaintiffs are Seasonal Agricultural Workers Under AWPA Due to the Nature of Their Field Nursery Work Ordinarily Being Seasonal.*

Defendants T-Y and Statewide similarly contend that Plaintiffs have not made factual allegations that Plaintiffs were "seasonal agricultural workers" under the AWPA. T-Y Mem. 4:12-17; Statewide Mem. 6:5-10.

Defendant Statewide notes that under the AWPA, Plaintiffs' work must be of a seasonal nature, and further requests that this Court take judicial notice that in the Southern District of California horticultural nurseries operate throughout the year. Statewide Mem. 6:12-19. Nothing in the statute or regulation cited by Defendant Statewide defining a "seasonal agricultural worker" depends on whether the agricultural employer operates year around in the specific area within the judicial district where the work is done. Moreover, Statewide is again improperly seeking to introduce facts outside the pleadings that cannot be considered here, as discussed above. The nature of the work done, not its timing, is pertinent; hence the AWPA's definition that an individual be employed "in agricultural employment of a seasonal or other temporary nature." 29 U.S.C. § 1802 (10)(A). In other words, the employment needs to only generally be seasonal in nature, not necessarily in every instance. The relevant federal regulation provides, "Labor is performed on a seasonal basis where, *ordinarily*, the employment pertains to or is of the kind exclusively performed at certain seasons or periods of the year and which, from its nature, *may* not be continuous or carried on throughout the year." 29 C.F.R. § 500.20(s)(1) (Mar. 12, 1997) (emphasis added). In defining "seasonal agricultural worker," the regulation further states that covered workers include those who

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

8

are "employed in agricultural employment of a seasonal or other temporary nature…[w]hen employed on a farm or ranch performing field work related to planting, cultivating, or harvesting operations" and that "*[n]ursery*, mushroom and similar workers *engaged in activities in connection with planting, cultivating or harvesting operations are intended to be covered*." 29 C.F.R. § 500.20(r) and (r)(2)(ii) (emphasis added).

It is appropriate and in keeping with the protective policy underlying the AWPA to apply it in accordance with the type of work performed by the employees, rather than the capricious and malleable timing and scheduling of the work. Congress' vision was properly intended to afford statutory protection to people performing essentially agricultural work, and the most reliable indicator of whether the AWPA applies, and the analysis truest to AWPA's protective mandate, is to look to the tasks performed and the milieu in which those tasks are performed, rather than the incidental and changeable nature of the timing of that work.

> The Eleventh Circuit has properly recognized that courts should not create a cramped, narrow definition of "seasonal agricultural worker," writing that
> 
> the legislative history [of the AWPA] clearly evinces Congress' intent not to narrow the class of protected workers . . . . Because farm laborers are poor, politically weak, and excluded from the overtime and collective bargaining rights afforded other types of workers, they always are vulnerable to exploitation, not just when they migrate from job to job. Construing AWPA broadly to effect its humanitarian purpose, we find that, like "migrant worker" under [the predecessor statute], Congress intended "employment of a seasonal or other temporary nature" to be a term of art not limited to short-term or itinerant workers.

*Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1507 (11th Cir. 1993) (footnote omitted); *see also Morante-Navarro v. T&Y Pine Straw*, 350 F.3d 1163 (11th Cir. 2003) (AWPA is broader than its predecessor statute, the Farm Labor Contractor Registration Act ("FLCRA"), and includes all activities covered under that statute). *Caro* also

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

9

considered the amicus curiae brief of the Secretary of Labor, affirming that even if covered employment is not ordinarily performed year-round, that does not mean that seasonal work can only be performed during certain times of the year. *Id.* at 1508. In looking to the regulations, the *Caro* court agreed that the nature of the work controls, not the duration of employment. *Id.*

Plaintiffs therefore pleaded sufficient facts by alleging that they are nursery employees who worked cultivating and harvesting plants, trees and shrubs for Defendants. FAC ¶¶ 2, 15, 17, 31. By describing their duties at a nursery, Plaintiffs alleged the nature of their work, that is, work that is typical of seasonal agricultural employment and is specifically identified by the above-cited regulation as covered employment under the AWPA. 29 C.F.R. § 500.20(s)(1) and (r)(2)(ii).

In *Caro-Galvan*, the plaintiffs grew and harvested ferns year-round at the defendant's fern farms. 993 F.2d at 1502. The plaintiffs could and often did work throughout the year. *Id.* at 1505. The Eleventh Circuit stated that "…Congress intended the phrase 'employment of a seasonal or other temporary nature' to be a term of art not limited to short-term or itinerant workers." *Id.* at 1507. The court examined the legislative history and intent of AWPA, according it the due weight required by *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), and concluded that the legislative history additionally supported its finding that plaintiffs were covered by AWPA. *Caro*, 993 F.2d at 1507.

The *Caro* court also found 29 C.F.R. § 500.20 (s) to mean that workers who perform "field work" are employed on a seasonal temporary basis, even if it is "year-round employment." *Id.* at 1508. Although the defendant's ferns were grown and harvested year-round, the court concluded that fern harvesting was nevertheless "seasonal in nature." *Id.* It noted that during part of the year when there was less fern planting and harvesting (though it continued), workers performed other agricultural labor, including weeding and cleaning, duties that also constituted field work. *Id*

///

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

10

Whereas "planting, cultivating or harvesting operations" are generally of a seasonal nature, the particular circumstances of the work at issue in the case law relied on by Defendant Statewide differ significantly. See Statewide Mem. 6-7:23-7.

Defendant Statewide cites to *Ramirez v. DeCoster*, 194 F.R.D. 348 (D. Me. 2000), to no avail. There, the AWPA was found not to apply to egg farm workers. *Id.* at 356. However, the *Ramirez* court findings greatly diverge from the circumstances in the present case: the egg farm workers were neither doing "field work" nor work that fell under other criteria for non-field workers in seasonal labor, the court emphasized that their work was with animal commodities, and the regulation was found not to cover the egg processing plant. *Id.* at 357.

*Ramirez* found that the nature of the plaintiffs' egg farming work was not seasonal or temporary, and distinguished *Caro*, supra, because there, fern workers had other year-round work during the "off season." *Ramirez*, 194 F.R.D. at 357. (This characterization misstates *Caro*, however, because the *Caro* court noted several times that during periods of the year that were not "prime harvest," workers continued planting and harvesting ferns to a lesser degree, and even then, the alternate work performed was still agricultural field work. *Caro*, 993 F.2d at 1502, 1507, 1508.) The Court held that that this other agricultural work was also seasonal or temporary agricultural employment that Congress intended to protect under AWPA. *Id.* at 1508-09. The nature of the non-field egg farming work under the particular circumstances described in *Ramirez* did not embody the characteristics of seasonal agricultural work in the way that Plaintiffs' nursery work does, especially because the regulation specifically identifies field nursery work as covered work. 29 C.F.R. at § 500.20(r)(2)(ii).

Furthermore, in *Ramirez*, there was "no dispute that the nature of the work is…year-round without a slack period." 194 F.R.D. at 356, fn. 8. In *Caro*, the plaintiffs harvested ferns, with demand being greater during holidays such as Valentine's Day, Easter, and Mother's Day, giving the fern industry a seasonal character, and plaintiffs harvested the most ferns during these parts of the year. 993 F.2d at 1502. Plaintiffs here

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

11

similarly work in a plant industry as nursery workers and have identified their duties characteristic of employment that is ordinarily of a seasonal nature. FAC ¶¶ 2, 31.

Defendant Statewide also relies on *Lopez v. Lassen Dairy, Inc.*, No. CV-F-08-121 LJO GSA, 2010 U.S. Dist. LEXIS 125172, 2010 WL 3210765 (E.D. Cal., Nov. 12, 2010). *Lopez* involved workers at a dairy that raised cattle and produced milk continuously each year. 2010 U.S. Dist. LEXIS 125172, *12. Some workers were only employed for a short period of time, and the district court deemed the workers' subjective intent and decisions as to how long to work for the dairy to have been irrelevant to seasonality. *Id* at *14. Defendant Statewide asserts the same with respect to Plaintiffs' perceptions of the length of employment. Statewide Mem. 7:2-7. However, Plaintiffs have not asserted and do not assert this as a basis for their work being seasonal in nature. Plaintiffs performed agricultural work that is ordinarily seasonal based on the facts pleaded regarding the nature of Plaintiffs' field work and duties for Defendants. FAC ¶¶ 2, 31. Moreover, as with the egg farm Plaintiffs in *Ramirez*, in *Lopez*, the dairy workers did not perform the sort of field work that Plaintiffs did and did not otherwise establish seasonality. Again, field work planting, cultivating, and harvesting is ordinarily seasonal work in nature, and indeed, field nursery workers are identified as covered workers. 29 C.F.R. § 500.20(r)(2)(ii).

Defendant Statewide also relies on *Babbitt Engineering & Machinery v. Agricultural Labor Relations Board*, 152 Cal. App. 3d 310 (1984), contending that it supports its argument that industries with year-round employment are not covered by AWPA. Statewide Mem. 6:23-27. *Babbitt,* however, does not mention or refer to AWPA, and instead found a non-agricultural employer that acquired a nursery to be a successor agricultural employer for purposes of the California Agricultural Labor Relations Act. That decision offers Statewide's position no support.

Plaintiffs are protected by the AWPA and were in employment that by its very nature is ordinarily seasonal. That is what the law requires to satisfy AWPA's "seasonal in nature" definition. On the facts pleaded, they have stated claims under AWPA that as

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

12

field nursery workers they are seasonal agricultural workers, and Defendants cannot introduce factual allegations to the contrary in their motions to dismiss. Those motions must be denied.

## C. THE FAC PROVIDES DEFENDANTS WITH SUFFICIENT NOTICE AND EACH CAUSE OF ACTION SPECIFIES BY WHOM AND AGAINST WHOM IT IS ASSERTED.

Defendant T-Y seeks an order for a more definite statement of Plaintiffs' third through twelfth causes of action. T-Y Mem. 1:26-27; 2:2-4. It states that it cannot form an answer to Plaintiffs' third through twelfth causes of action because of allegations that Plaintiffs incorporate by reference.

Federal Rule of Civil Procedure 10(c) expressly allows adoption of allegations by reference, and Rule 8(f), similar to current Rule 8(e), requires that pleadings be construed so as to do substantial justice. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001).

Here, Plaintiffs have incorporated allegations throughout the complaint, but in light of the factual allegations and those made within each specified cause of action, the complaint is sufficiently definite for Defendant T-Y to ascertain the claims and form an answer. Notably, in its motion Defendant Statewide made no such objection to the third through twelfth causes of action.

Defendant T-Y further alleges that it is unable to ascertain which of Plaintiffs' claims are pleaded individually because of allegations that reference other employees of Defendants. Plaintiffs have included various allegations regarding their workplace conditions, including allegations that other employees were subjected to similar conditions. However, each and every cause of action in the FAC is captioned to clearly specify which Plaintiffs bring each claim and which Defendants it asserts each claim against. See, *e.g.*, FAC 11:1-3 (caption for first cause of action states it is made

///

///

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

13

"By Plaintiff Guerrero Individually Against Defendant T-Y"), and FAC 20:14-17 (caption for twelfth cause of action states it is made "By Plaintiffs GUERRERO, RAYO and BAHUMAN Individually Against All Defendants").

The FAC provides Defendants with sufficient notice, and it would be inconsistent with Rule 8(e), which is substantially similar to the former Rule 8(f) cited in *Fontana*, to construe the complaint in a manner that does not do justice. *Fontana*, 262 F.3d at 877. The FAC is not so vague and ambiguous that per Rule 12(e), Defendants cannot in good faith prepare a response as described in *Sefton*, supra, 204 F.R.D. at 106. Defendant T-Y's disfavored motion for a more definite statement should accordingly be denied.

### D. DEFENDANT T-Y'S ARGUMENT REGARDING CERTIFICATION IS PREMATURE AND DOES NOT SUPPORT AN ORDER FOR A MORE DEFINITE STATEMENT.

As the docket in this case confirms, Plaintiffs have not filed a motion for conditional certification of their FLSA claims, and therefore have not yet gathered all evidence, or provided support to bring a collective action on behalf similarly situated workers. Defendant T-Y nevertheless speculatively argues why it believes this action cannot be certified and again seeks a more definite statement. T-Y Mem. 10-14:10-16. This overreaching argument is premature.

In FLSA cases, plaintiffs will first seek conditional certification of representative collective action under 29 U.S.C. § 216(b) and then ask the court for authorization to send notice to all potential plaintiffs. The court may authorize the named § 216(b) plaintiffs to send notice to all potential plaintiffs. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Under the FLSA, named plaintiffs may represent similarly situated employees in a collective action. The FLSA does not define the term "similarly situated," and there is no Ninth Circuit precedent specifically interpreting the term. *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007). District courts instead follow a two-tiered

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

14

approach. In the first stage or "notice" stage, the court reviews the pleadings and any filed affidavits to decide whether the potential class should be given notice of the action. *Trinh v. JP Morgan Chase & Co.*, No. 07-CV-1666 W (WMC), 2008 WL 180161 *3, 2008 U.S. Dist. LEXIS 33016 *7 (S.D. Cal. Apr. 22, 2008), *citing Wynn v. NBC*, 234 F. Supp. 2d 1067, 1081 (C.D. Cal. 2002). At this stage, a "fairly lenient standard" is used to determine if workers are "similarly situated," and the class is usually conditionally certified. *Trinh* at *7. Courts generally appear to require only substantial allegations that the putative class members were subject to the same decision, policy, or plan. *Id.*

Plaintiffs here have not yet moved for conditional certification nor provided the appropriate support for such motion regarding "similarly situated" workers under 29 U.S.C. § 216(b). Neither has discovery commenced. Thus, it is premature at this stage to require Plaintiffs to have demonstrated that workers are "similarly situated," and Defendant T-Y's motion under Fed. R. Civ. P. 12(e) for a more definite statement should be denied.

## IV. CONCLUSION

Plaintiffs respectfully request that for the foregoing reasons, the Court deny Defendants' motion to dismiss the claims in Plaintiffs' First Amended Complaint and deny Defendant T-Y's motion for a more definite statement. In the alternative, Plaintiffs respectfully request the Court grant leave to amend the First Amended Complaint.

Dated: June 9, 2014     By:    s/ Jennifer C. Bonilla
                                                   Jennifer C. Bonilla
                                                   Attorneys for Plaintiffs
                                                   Email: jbonilla@crla.org

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS AND DEFENDANT T-Y'S MOTION FOR A MORE DEFINITE STATEMENT
CASE NO.: 3:13-cv-03126-JM-BGS

15