**Rivera Carbone, P.C.**
Javier Rivera-Carbone
State Bar No. 243451
905 Calle Negocio Unit 75754
San Clemente CA 92673-1329
Telephone (949)487-6244
Facsimile (949)487-6243
*jrc@rcpc.com*

Attorneys for Defendant STATEWIDE LABOR CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GUERRERO, EUGENIO AGUILAR PAZ, FIDEL RAYO HERNANDEZ, and ARMANDO GAHUMAN GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>T-Y NURSERY, INC., STATEWIDE LABOR CORPORATION; AND DOES 1-10, inclusive,<br><br>Defendants | Civil No: 3:13-cv-03126-JM(BGS)<br><br>**DEFENDANT STATEWIDE LABOR CORPORATION'S REPLY TO "PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS …" [DOCKET NO. 19]**<br><br>Date:  June 23, 2014<br>Time:  10:00 a.m.<br>Courtroom:  5D<br>Judicial Officer:   Hon. Jeffrey T. Miller<br><br>**ORAL ARGUMENT REQUESTED** |

COMES NOW DEFENDANT STATEWIDE LABOR CORPORATION ("**SLC**" or "**Defendant**"), through the undersigned attorneys, and very respectfully STATES and PRAYS as follows:

## I.   BACKGROUND

1. On April 18, 2014, Plaintiffs filed a *First Amended Complaint For Declaratory And Injunctive Relief And Damages* ("FAC") in this case against Defendants [Docket No. 12].

2. On May 12, 2014, Defendants filed their respective motions to dismiss the FAC pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted, among other reasons [Docket No. 14; Docket No. 15]. In turn, Plaintiffs filed a *Memorandum In Opposition To Defendants' Motion To Dismiss And Defendant T-Y's Motion For A More Definite Statement* ("Opposition") [Docket No. 19].

3. SLC reiterates all aspects of it motion to dismiss the FAC, to wit, that Plaintiffs failed to: Comply with an indispensable requirement to have a collective action under *Fair Labor Standards Act* ("FLSA"); Allege sufficient facts to show from the face of the FAC that they are seasonal agricultural workers entitled to special protection under a federal law; and that because the federal causes of action fail, this Court should not entertain the plethora of California law claims also raised by Plaintiffs under pendent jurisdiction.

4. SLC also briefly replies to Plaintiffs' Opposition concerning the legal consequence of their admitted failure to file a written consent for an FLSA collective action until after the filing of Defendants' motions to dismiss.

5. First, the Circuit Court of Appeals for the Ninth Circuit has specifically ruled that "[t]he FLSA claims of a plaintiff who has failed to file a written consent is subject to dismissal, without prejudice." *Real v. Driscoll Strawberry Associates*, 603 F.2d

748, 756, Footnote No. 19 (9th Cir. 1979).

6. Second, the United States Supreme Court has ruled that "if a plaintiff lacks a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) at page 4. Moreover, the Supreme Court emphasized that "the mere presence of collective action allegations in the complaint cannot save the suit from mootness" and that the "relate back" doctrine does not apply to collective actions to assert right on behalf of putative members of the collective. *Id.*

7. Third, Plaintiff admit in their Opposition that the statute of limitations under the FLSA continues to run until each plaintiff files a written consent is filed with the Court. [Opposition, Page 4, citing *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d. 1129 (D. Nev. 1999)].

8. Consequently, Plaintiffs lacked a personal stake under the FLSA when they filed the FAC because they simply did not include any written consents to be part of an FLSA collective action. Such failure rendered the FAC moot regarding the FLSA collective action and, as held by the Ninth Circuit, is subject to dismissal by this Court. SLC request for this Court to dismiss the FLSA collective action allegations in the FAC.

9. In the alternative, SLC request this Honorable Court to rule that the FLSA collective cause of action did not commence until the respective date in which each named plaintiff filed a written consent with the Court; and that the filing of the FAC **does not interrupt** the FLSA statutes of limitation until such time as

each and every putative plaintiff files his or her written consent to be part of a collective action. By their own actions, part of Plaintiffs' original claim under the FLSA are now time barred by the applicable statute of limitations which, in the best case scenario, was not interrupted until June 2014.

**WHEREFORE**, DEFENDANT STATEWIDE LABOR CORPORATION requests that this Honorable Court dismiss the FAC under Fed.R.Civ.P 12(b)(6) because Plaintiffs filed to state a claim against SLC upon which relief can be granted.

```
Date: June 15, 2014
```
                                        Javier Rivera-Carbone
                                        **RIVERA CARBONE, P.C.**
                                        Attorneys for Defendant
                                        STATEWIDE LABOR CORP.
                                        jrc@rcpc.com

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this proceeding. My business address is: 9891 Irvine Center Drive, Suite 200, Irvine CA 92618.

A true and correct copy of the foregoing document described as **_DEFENDANT STATEWIDE LABOR CORPORATION'S REPLY TO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS …[DOCKET NO. 19]_** will be served or was served in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

The foregoing document will be served by the court via NEF and hyperlink to the document. On **15 JUN 14,** I checked the CM/ECF docket for this proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Prairie A. Bly, *Esq.*:                     pbly@crla.org
- Jennifer Carolina Bonilla, *Esq.*:          jbonilla@crla.org
- Michael Meuter, *Esq.*:                    mmeuter@crla.org
- Toy R. Fields, *Esq.*:                     toy@toyfieldslawgroup.com
- Ira L. Gottlieb, *Esq.*:                   igottlieb@bushgottlieb.com
- Javier Rivera-Carbone, *Esq.*:             jrc@rcpc.com
- Marita M. Lauinger, *Esq.*:                mlauinger@gordonrees.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

**N/A - No parties were served by mail.**

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**

**N/A - No parties were served by alternate means.**

| | | |
|---|---|---|
| 15 JUN 14 | Javier Rivera-Carbone | *s// Javier Rivera-Carbone* |
| *Date* | *Type Name* | *Signature* |

**PROOF OF SERVICE**