**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR GUERRERO, EUGENIO AGUILAR PAZ, FIDEL RAYO HERNANDEZ and BAHUMAN GONZALEZ,<br><br>  Plaintiffs,<br><br>  vs.<br><br>T-Y NURSERY, INC., and STATEWIDE LABOR CORPORATION ,<br><br>  Defendants. | CASE NO. 13cv3126 JM(BGS)<br><br>ORDER DENYING MOTIONS TO DISMISS; DENYING MOTION FOR A MORE DEFINITE STATEMENT |

Defendant T-Y Nursery ("T-Y") moves to dismiss the First Amended Complaint ("FAC") pursuant to Fed.R.Civ.P. 12(b)(6) and for a more definite statement pursuant to Fed.R.Civ.P. 12(e). Defendant Statewide Labor Corporation ("Statewide") also moves to dismiss the FAC pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs Victor Guerrero, Eugenio Aguilar Paz, Fidel Rayo Hernandez and Bahuman Gonzalez (collectively "Plaintiffs") oppose all motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, all motions are denied.

**BACKGROUND**

The operative FAC, filed on April 18 2014, alleges twelve causes of action for (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.;

violation of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §1801 et seq.; (3) failure to pay contractual wages; (4) failure to pay minimum wage, Cal. Labor Code §§1182.12, 1194, 1194.2, and 1197; (5) failure to provide meal periods, Cal. Labor Code §§226.7, 1198; (6) failure to pay promised vacation benefits upon termination, Cal. Labor Code §227.3; (7) knowing and intentional failure to provide accurate and complete itemized statements, Cal. Labor Code §226; (8) failure to pay all wages due upon termination, Cal. Labor Code §201, 203; (9) failure to indemnify employees for necessary expenditures, Cal. Labor Code §1198, 2802; (10) failure to provide copies of employment records, Cal. Labor Code 226; (11) unlawful competition, Cal. Bus. and Prof. Code §17200 et seq.; and (12) private attorney's general act, Cal. Labor Code §2698. With respect to the FLSA claim, Plaintiffs seek to bring this claim on behalf of "themselves and for and on behalf of other employees similarly situated." (FAC ¶55).

Plaintiffs are agricultural workers with an employment relationship with Defendants. Defendant T-Y operates agricultural nurseries in San Diego County and employed Plaintiffs. (FAC ¶17). T-Y is in the business of cultivating plants, shrubs and trees which are sold in interstate commerce. (FAC ¶31). Defendant Statewide is in the business of agricultural production and labor contracting and supplies labor to agricultural nurseries like T-Y. (FAC ¶¶16 - 18).

In broad brush, Plaintiffs allege that Defendants failed to pay full wages by, among other things, requiring Plaintiffs to report to work and wait, off-the-clock, until frost was no longer on the fields before Plaintiffs could begin to work. Defendants also allegedly failed to provide legally-required accurate wage statements, pay minimum wages, pay accrued vacation benefits, timely provide wage statements, furnish safety devices, provide meal breaks, provide and maintain tools and equipment necessary to perform their job, and timely pay wages upon termination. (FAC ¶¶41-48). Plaintiffs also allege that Defendants exposed workers to unsafe and unhealthy work conditions by, for example, failing to provide shade and cool-down recovery periods. (FAC ¶49).

Plaintiffs seek compensatory, statutory, and liquidated damages. Plaintiffs also seek declaratory relief and an award of costs, including attorney's fees.

Defendants seek to dismiss the first and second causes of action for violation of FLSA and AWPA, respectively. T-Y also moves for a more definite statement.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in

the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The FLSA Claim**

Defendants seek to dismiss the FLSA claim on the ground that Plaintiffs and putative class members have failed to file written consents to join the action as required by 29 U.S.C. §216(b). The FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." <u>Id.</u> At the outset, the court notes that FLSA collective actions and Rule 23 class actions have separate procedures. In FLSA collective actions, a plaintiff must affirmatively opt-in a FLSA action. <u>Id.</u>; <u>Busk v. Integrity Staffing Solutions, Inc.</u>, 713 F.3d 525, 528 (9th Cir. 2013).

Defendants raise two distinct issues. First, with respect to maintaining a collective action, the consents to sue by current or former co-employees of Plaintiffs need not be filed with the complaint. Plaintiffs must timely seek leave from this court to proceed as a collective action. At that time, Plaintiffs must file the consents from putative class members. However, until the parties conduct discovery on the viability of maintaining a collective action, any motion to maintain a collective action is premature and the court therefore denies this portion of Defendants' motion to dismiss. The second issue concerns whether the named Plaintiffs must file consents on their own behalf. As noted by the parties, it does not appear that the Ninth Circuit has addressed whether individual plaintiffs in a FLSA must file consents. The court notes that consent can reasonably be found in this case: Plaintiffs have retained counsel and commenced this action. Under virtually every conceivable circumstance, such conduct demonstrates the consent of Plaintiffs to bring a FLSA cause of action. Even if not actual consent, the court notes that all three Plaintiffs have filed written consents. (Ct.

Dkt. 18, 20). Consequently Defendants' arguments are moot and the court denies the motion.

In sum, the court denies the motions to dismiss the FLSA claim.

**The AWPA Claim**

Defendants also move to dismiss the AWPA claim on the ground that the complaint fails to adequately allege that the nature of Plaintiffs' work at T-Y was seasonal or temporary or that T-Y was an agricultural employer. Defendants contend that the allegation that Plaintiffs are "seasonal agricultural worker(s) within the meaning of 29 U.S.C. §1802(1), and/or individuals entitled to the AWPA's protections," (FAC ¶56), are insufficient under Twombly to state a claim. Defendants contend that additional factual allegations are required to state a claim.

AWPA only affords protection to migrant agricultural workers defined as an "individual who is employed in agricultural employment of a seasonal or other temporary nature." 29 U.S.C. §1802(10). In pertinent part, the regulations define "on a seasonal or other temporary basis" as meaning:

> (1) Labor is performed on a seasonal basis where, ordinarily, the employment pertains to or is of the kind exclusively performed at certain seasons or periods of the year and which, from its nature, may not be continuous or carried on throughout the year. A worker who moves from one seasonal activity to another, while employed in agriculture or performing agricultural labor, is employed on a seasonal basis even though he may continue to be employed during a major portion of the year.
>
> (2) A worker is employed on other temporary basis where he is employed for a limited time only or his performance is contemplated for a particular piece of work, usually of short duration. Generally, employment, which is contemplated to continue indefinitely, is not temporary.

29 C.F.R. §500.20(s). Defendants contend that Plaintiffs are, in fact, year-round employees not entitled to the protections afforded by AWPA to seasonal or temporary workers.

The court denies the motion. Twombly has not eliminated the concept of federal notice pleading. Twombly clearly stated that its discussion of pleadings "does not run counter to Swierkiewicz v. Sorma N.A., 534 U.S. 506 (2002)." Twombly, 550 U.S. at

547 (notice pleading sufficient in a Title VII case); Fed.R.Civ.P. 8(a)(2) (a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). While a bare and simple notice allegation is generally not sufficient to state a claim, a well-pleaded claim must not only provide notice but also "suggest that the claim has at least a plausible chance of success." In Re Century Aluminum Co. Sec. Litig., 729 F.3d 1104, 1107 (9th Cir. 2013). The court concludes that additional allegations provide context to the term "seasonal agricultural worker." The FAC alleges that T-Y operated agricultural nurseries, Statewide supplies labor to agricultural nurseries and that "Plaintiffs cultivated plants, shrubs and trees which were produced for movement in interstate commerce." (FAC ¶31). Such allegations are minimally sufficient to establish that Plaintiffs are "seasonal agricultural workers" for purposes of AWPA.

The court also rejects (at the motion to dismiss stage of the proceedings) Defendants' argument that T-Y and Statewide are not covered under AWPA because the nurseries operate continuously year round. Defendants's argument is based on Babitt Engineering & Machinery v. Agricultural Labor Relations Bd., 152 Cal.App.3d 310 (1984). However, in Babbitt the court of appeals had factual findings to review. The issue there did not involve the review of a complaint under federal pleadings requirements.[1]

The court also rejects Defendants' arguments that the FAC's allegations fail to establish that T-Y is an "agricultural employer" and Statewide a "farm labor contractor" for purposes of AWPA. The FAC provides context to this claim by identifying that T-Y owns and operates a nursery, thus satisfying the statutory

---

[1] The court notes that whether the work performed at the nursery is ordinarily seasonal work is a factually intensive inquiry not appropriately resolved on a motion to dismiss.

requirement of 29 U.S.C. §1802(2).[2] With respect to Statewide, the complaint alleges that Statewide is in the business of labor contracting, supplied labor to T-Y and employed Plaintiffs for the nursery. See 29 U.S.C. §1802(6) and (7).[3]

In sum, the court concludes that the FAC complies with Rule 8 and provides Defendants with sufficient notice such that they can respond to the complaint and conduct discovery.

**The State Law Claims**

Defendant T-Y contends that the FAC fails to adequately identify which Plaintiff is alleging which cause of action. This argument appears to form the basis for both the Rule 12(b)(6) motion as well as the motion for a more definite statement brought pursuant to Rule 12(e). The court denies this motion because, in the heading of each claim, the complaint identifies which Plaintiff is alleging the claim against which Defendant. Accordingly, the FAC complies with Rule 8(a) and the court denies this motion.[4] The court notes that an evidentiary based motion may narrow the scope of

---

[2] 29 U.S.C. §1802(2) provides:

The term "agricultural employer" means any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker.

[3] 29 U.S.C. §1802 provides:

(6) The term "farm labor contracting activity" means recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker.

(7) The term "farm labor contractor" means any person, other than an agricultural employer, an agricultural association, or an employee of an agricultural employer or agricultural association, who, for any money or other valuable consideration paid or promised to be paid, performs any farm labor contracting activity.

[4] To the extent the state law claims are asserted on behalf of "other employees," (FAC ¶62, 66,77,10), the court concludes that Plaintiffs, except with respect to any future collective action brought pursuant to the FLSA claim, lack standing to bring the action on behalf of non-parties to the litigation. Plaintiffs are simply not seeking to represent a class within the meaning of Fed.R.Civ.P. 23. In this sense, the court strikes

1 | Plaintiffs' claims.

2 |     In sum, the court denies the motion to dismiss the FLSA claim (the first cause
3 | of action), denies the motion to dismiss the AWPA claim (the second cause of action),
4 | and denies the motion for a definite statement with respect to the state law claims (the
5 | third through twelfth causes of action).
6 |     **IT IS SO ORDERED.**
7 | DATED:  October 29, 2014

                                          Hon. Jeffrey T. Miller
                                          United States District Judge

cc:        All parties

---

the  phrase "other employees" from the identified paragraphs.